RECEIVED

2014 APR 22 P 1:23

DEBRA P. HACKETT CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
(Northern Division)

ROBERT L. COOMBS,
    Petitioner

v.

Civil Action No.: 2:14-CV-300-MEF-CSC

DENNIS M. STAMPER,
Warden,

MARK ZIMMERMAN,
M.D., et al.
    Respondents

_____/

## PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION
## AND/OR PROTECTIVE ORDER(S)

---

    **COMES NOW**, Petitioner ROBERT L. COOMBS (Hereafter "Petitioner"), pro-se[1] and without the aid of counsel, hereby brings the forthgoing Motion for preliminary Injunction and/or Protective Order, that is pursuant to **Fed. R. Civ. P. Rule 65** (and/or any other applicable rules, local rules etc.). Petitioner avers the following:

    1.) Petitioner COOMBS is a Federal Inmate under the control and custody of the U.S. Department of Justice, in the Federal Bureau of Prisons (at Maxwell A.F.B.), in Montgomery, Alabama; so lyes jurisdiction in this Honorable Court for requested Injunctive relief.

---

1. Pro-se pleadings should be liberally construed.

## I. STATEMENT OF THE FACTS.

2.) On or about November Petitioner COOMBS had initiated his administrative remedy process-(in house remedy for relief) with the F.B.O.P. staff, in which Petitioner complained of **pain, blood in his urine, and unable to participate in normal daily functions etc.**

3.) Afterwards, Petitioner had continued to go to "sick call" at the Institution/Camp due to **chronic pain** and other similar symptoms mentioned above, but was only given pain medication and tests, without addressing the need for the removal of the **kidney stone** that was causing the above mentioned symptoms.[2]

4.) The above mentioned "kidney stone" was know by F.B.O.P. medical staff, **prior** to the Petitioner starting his administrative remedies, but yet, did not effectuate a medical plan for removal of the above said "kidney stone" despite having knowledge from another outside street Medical Specialist (**Uroligist D.P. Bhuta, M.D.**) beforehand months earlier (See Composite Exhibit -B-).

5.) Petitioner continues to suffer above mentioned symptoms to a greater degree, without any medical attention, that is in accordane the normal standard of care/practices and perceived **irreparable injury** is imminent (kidney disease and failure etc.); considering that the F.B.O.P. medical staff Warden and their supervisors have recently positioned that "Surgical intervention has not been recommended" (See Exhibit -C-; "Response" from Regional Director of F.B.O.P.).[3]

---

2. See "request to Staff" e-mail exchange with Warden of Institution/Camp (Exhibit -A-), in which Petitioner mentions the results of **Urologist D.P. Bhuta, M.D.**
3. Finally, it should be noted that Petitioner was taken to the Emergency Room (at Baptist south) due to unbearable pain and was informed that the "pain" was caused by his oversized kidney stone try to enter his ureter; on or about December 2013.

(2)

## II. AUTHORITY TO GRANT TEMPORARY INJUNCTION; RULE 65(a).

6.) Under Federal Rules of Civil Procedure **Rule 65(a)**, a district Court has the authority/power to enter a prliminary injunction; an Order that protects a petitioner on a temporary basis, from irreparable injury/harm(s), which may stem from Constitutional violations on the prohibition from being free of cruel and unusual punishment.

7.) Specifically, a four (4) part test is usually need in order to qualify for tempoarry injunctive relief beinh: 1.) the Defendants violated rights, 2.) one will suffer irreparable harm(s) if the temporary injunction is not issued, 3.) the threat of the "harm" will outweigh any harm the temporary injunction will cause Defendants, 4.) temporary injunction will serve the public interest, **Morgan Keggan & Co. v. Shadburn**, 829 F. Supp 2d. 1141, 1153-55 (Mid. Dist. Ala. Nov. 3, 2011)-(Citing four (4) part test).

8.) In **Lewis v. Casey**, 518 U.S. 343 (1996), the Supreme Court had stated in order to win an injunction, an inmate must show an "actual or imminent harm", **Id.** at 349-50, and, that an award of injunctive relief "must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established", **Id.** at 357. (See also **Farmer v. Brennan**, 511 U.S. 825-845 (1994)-("One does not have to await the consummation of threatened injury to obtain preventative relief")).

9.) Petitioner COOMBS has show in his <u>Statement of the Facts</u>, that he continues to be in pain, has and is suffering actual and imminent danger/harm(s) which will lead to irreparable injuries in the future, supported by above mentioned Supreme Court precedence and Rules etc.

and further supported by the **facts** averred in the exhibited documents from a specialist in the field; Uroligist Dr. Bhuta (exhibited).

**THEREFORE,** Petitioner has shown that the defendants are acting in a manner that is deliberately indifferent to his medical needs for pain management and relief etc., that he will suffer irreparable harm and/or injury if the injunction is not granted, and the defendants will suffer little, if any harm if this Court grants requested injunction (considering he was scheduled at one point for removal of the kidney stone, by FBOP staff), and the public interest is best served by granting such injunctions since the public has no interest in enforcing nor subjecting persons in need of medical attention to unconstitutional restrictions to medical attention so to be free of cruel and unusual punishment.[4]

**WHEREFORE,** for **all** the reasons stated above, this Court should issue a temporary injunction holding that the Defendants, or any other agents/staff, can not prevent Petitioner from immediately accessing medical care/attention, for the immediate removal of his kidney stone, by all means possible within **10 days** upon issuance of any Order by the Court, or any other means of relief deemed fitting; which I pray.

RESPECTFULLY SUBMITTED,

*[signature]*
ROBERT L. COOMBS, Pet. Pro-se
Fed. Reg. #70457-056
Maxwell Air Force Base, FPC.
Montgomery, AL. 36112

---

4. Petitioner contends that his request for injunctive relief is the least intrusive means necessary to correct the violation of Federal/Constitutional right(s).

(4)

## CERTIFICATE OF SERVICE

I, ROBERT L. COOMBS (Fed. Reg. #70457-056) hereby declare that a a true and correct copy of the foregoing Petition for Temporary Injunctive relief, -was mailed to the Defendants, and their Reresentative at the U.S. Attorney's Office (Mid. Dist. of Ala., in Montgomery, AL.) on this **18** day of **April**, 2014, by depositing into the institutional/Camp Mail Box for mailing via the U.S. Postal Service.

*(signature)*
ROBERT L. COOMBS, Pro-se
Fed. Reg. #70457-056

(5)

⇔70457-056⇔
Robert Coombs
Federal Prison CAMP
B-24-L Montgomery UNIT
Maxwell, A F B
Montgomery, AL 36112
United States

MON 21 APR 2014 PM

⇔70457-056⇔
Clerk Of Court
U.S. District Court
ONE Church ST
Suite: B-110