IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT L. COOMBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:14cv300-MEF |
| | ) (WO) |
| DENNIS M. STAMPER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **O R D E R**

In an order entered on June 2, 2014, this court directed the plaintiff to advise the court on or before June 16, 2014, whether he wishes to withdraw his instant civil action or whether he wishes to proceed in this action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1]  Doc. No. 8 at 2.  The court further directed the plaintiff that, if he wishes to proceed in this action under *Bivens*, he should, as previously ordered by the court (1) forward to the Clerk of the Court the sum of $3.27 on or before June 16, 2014, as an initial partial filing fee, and (2) thereafter, make monthly payments of 20 percent of each preceding month's income and/or funds credited to his account as payments towards the

---

[1] The plaintiff styled his original pleading in this action, filed on April 18, 2014, as "Petitioner's Motion for Preliminary Injunction And/or Protective Order(s)."  Doc. No. 1. Because injunctive relief may only be obtained as part of a viable cause of action, this court construed the plaintiff's original pleading, in which he appears to allege constitutional violations in the medical treatment he is receiving from federal prison medical staff, as an action under *Bivens*.

$350.00 filing fee.[2]  *Id*.  The court cautioned the plaintiff that his failure to comply with its orders would result in a recommendation by the magistrate judge that this case be dismissed.  *Id*.

In response to the court's orders (Doc. No. 9), the plaintiff has filed a request asking this court to recharacterize his civil action as a petition for relief under the All Writs Act, 28 U.S.C., §1651(a)[3] – a request the plaintiff has previously made in this action, and which has previously been denied by this court.  *See* Doc. Nos. 4 and 7.  The court once again denies the plaintiff's request asking the court to recharacterize his civil action as a petition for relief under the All Writs Act.

The plaintiff has not paid the initial partial filing fee in this civil action, and indeed has indicated his wish not to be obligated for the payment of *any* filing fee.  *See* Doc. No. 6 at 3.  He states that if this court does not recharacterize his civil action as a petition for relief under the All Writs Act, he wishes to dismiss his action.  Doc. No. 9 at 2.  Under the circumstances, the court shall construe the plaintiff's response (Doc. No. 9) as a notice of voluntary dismissal of his action pursuant to Fed. R. Civ. P. 41(a)(1).

---

[2] In various orders entered in this case, the court has advised the plaintiff of the requisite filing fee for a civil action.  *See* Doc. No. 2, 5, and 8.

[3] The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  The Act "does not provide an independent basis of federal subject-matter jurisdiction; a plaintiff cannot sue invoking only the court's All Writs power."  *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1070 (11th Cir. 2001).  Instead, the Act provides courts with a procedural tool to enforce jurisdiction they have already derived from another source.  *Id*.

Accordingly, it is hereby

ORDERED that this action is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(a)(1).

DONE this the 23rd day of June, 2014.

                                        /s/ Mark E. Fuller
                                  UNITED STATES DISTRICT JUDGE